IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| L.B. b/n/f M.B., | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| SAN ANTONIO INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|    Respondent. | § | |

**ORIGINAL PETITION FOR DE NOVO REVIEW OF THE DECISION OF THE SPECIAL EDUCATION HEARING OFFICER**

**COMPLAINT**

Petitioner, L.B., by her next friend M.B. (hereinafter Petitioner), files this appeal of the decision rendered in Docket Number 047-SE-1014, a Texas Education Agency Special Education Due Process Hearing Request, by Special Education Hearing Officer Ann Vevier Lockwood (hereinafter Hearing Officer)(decision attached as Exhibit A) on May 15, 2015, and would show:

**I.     STATEMENT OF THE CASE**

1.1     Petitioner filed the request for due process hearing in accordance with 20 U.S.C. §1401 et. seq., also known as the Individuals with Disabilities Education Act (IDEA), on October 15, 2014. The case was assigned to the Hearing Officer that day.

1.2      The request filed was directed at the Respondent school district, San Antonio Independent School District (hereinafter Respondent), for a failure to identify Petitioner as a child with a disability entitled to special education services.

1.3     Respondent timely filed their response on October 24, 2014.

1.4     The due process hearing in this matter was held on February 12-13, 2015. The Hearing Officer rendered her decision on May 15, 2015. The decision denied all of Petitioner's claims.

## II.     JURISDICTION AND VENUE

2.1     This civil action arises from 20 U.S.C. §1415(i)(2), granting an aggrieved party the right to appeal the decision of the Hearing Officer to federal court when no appeals process exists within the state agency. Texas Education Agency has no such appeals process.

2.2     The Court has jurisdiction to render such decisions as it deems appropriate, when it comes to factual decisions, in this case under 20 U.S.C. §1415 (i)(2)(C).

2.3     The Court has jurisdiction to award attorney's fees under 20 U.S.C. §1415 (i)(3)(B)(i)(I).

2.4     The Court has jurisdiction in this matter without regard to the amount of damages in controversy under 20 U.S.C. §1415 (i)(3)(A).

## III.     PARTIES

3.1     L.B. is an individual United States citizen, who, at all times relevant hereto, has resided in San Antonio, Texas. L.B. is a minor, and this suit is brought on her behalf by her next friend, M.B.

3.2     M.B. is an individual United States citizen, who, at all times relevant hereto, has resided in San Antonio, Texas. She brings this suit as next friend of L.B. She is L.B.'s grandmother.

3.3     San Antonio Independent School District is a home rule school district formed and governed under the laws of the State of Texas. Respondent San Antonio Independent School District may be served with process of service in this case by serving its superintendent, Pedro

Martinez, at the main District's main office at 141 Lavaca Street, San Antonio, Texas 78210. San Antonio Independent School District operates, and is responsible for its special education departments and all decisions made therein.

## IV.   STATEMENT OF FACTS

4.1   L.B. is a 15 year old, eighth grade student living in Respondent's jurisdictional boundaries. She is cared for by her grandmother, M.B., who is also her legal guardian.

4.2   Petitioner's biological parents both have lengthy criminal histories and Petitioner has been subject to witnessing violent and sexual behavior performed both by and against her mother since she was a small child. Petitioner reports suffering sexual abuse at the hands of some of her mother's boyfriends.

4.3   The undersigned attorney was appointed by the Bexar County Juvenile District Courts on July 17, 2014 to represent Petitioner in a criminal matter stemming from Petitioner's alleged possession of marijuana while attending school at Hawthorne Academy.

4.4   Petitioner has a lengthy history of behavioral incidents of varying severity at school and has not passed state mandated assessments (currently, STAAR testing) since 2011.

4.5   Respondent completed a Full and Individual Evaluation (FIE) on Petitioner on April 8, 2014. The results of this evaluation found that Petitioner did not have a disabling condition requiring the administration of special education services, but that her behavioral and academic deficits were the result of conduct disorder and social maladjustment, conditions that do not qualify for services under IDEA. This evaluation does not make note or mention of an individual interview with Petitioner; however Petitioner did participate in testing.

4.6     The April 2014 evaluation uses data provided by the grandmother in 2006, almost eight years before the evaluation was conducted. It is unclear if a clinical interview was conducted with Petitioner's grandmother for this evaluation.

4.7     Petitioner originally filed a request for due process from the Texas Education Agency (TEA) on August 4, 2014. This due process requested the Hearing Officer order the implementation of an appropriate Individual Education Plan (IEP), as evidence was present that Petitioner was suffering in school as well as in her home setting.

4.8     This request was dismissed without prejudice in August of 2014. It was at this point Petitioner had removed an ankle monitoring device and left her residence against the terms of her probation.

4.9     While Petitioner was away from the residence, she was being prostituted by two men. She also claims to have been a gang member on other occasions where she has run away from home.

4.10    Upon returning to the 289th District Court of Bexar County following her apprehension, Petitioner was ordered into the Stabilization Treatment and Evaluation Process (STEP) at the Bexar County Juvenile Detention Center (BCJDC). Here, a staffing was conducted by Jerome Shaw, Probation Officer, on June 19, 2014.

4.11    On August 29, 2014, Bexar County Juvenile Probation Department (Probation) issued their Pre-Disposition Report, completed by Michelle Ingoldsby, Probation Officer. Here, an individual interview with Petitioner revealed the presence of hallucinations and a history of sexual abuse.

4.12  Petitioner filed her current request for due process hearing in this matter on October 15, 2014 with the Texas Education Agency. The case was assigned to Hearing Officer Ann Vevier Lockwood that day.

4.13  In her complaint, Petitioner raised the following legal issues:

A. Whether Respondent should have identified Petitioner as a student with a disability in need of special education services within the meaning of IDEA beginning with the 2013-2014 school year up to the present;

B. Whether Respondent failed to provide Petitioner with an appropriate educational placement beginning with the 2013-2014 school year up through present; and,

C. Whether Respondent should have provided Student with a free, appropriate public education (FAPE), including appropriate services, beginning with the 2013-2014 school year up through the present.

4.14  In her complaint, Petitioner requested items of relief:

A. Respondent to implement a behavior and education plan for Petitioner immediately for the remainder of the current 2014-2015 school year and into the following school year;

B. Respondent devise an Individual education Plan (IEP) for Petitioner with measurable goals and objectives based on a recent assessment conducted by Probation;

C. Respondent conduct a counseling evaluation and provide any recommended counseling services to Petitioner for the remainder of the 2014-2015 school year and into the following school year;

D. Respondent to conduct a psychological and any other updated assessments following review of the Probation assessment and to do so in an expeditious manner;

E. Respondent to provide Petitioner with an Independent Educational Evaluation (IEE) if eligibility remains in dispute following completion of Respondent's review of Probation assessment and/or completion of the psychological and any other updated assessments conducted by Respondent;

F. Respondent to provide Petitioner with compensatory special education and/or related services;

G. Respondent to provide Petitioner with a summer school program during the summer of 2015 as compensatory relief;

H. Respondent to provide Petitioner with a highly qualified and certified special education teacher and direct instruction in basic reading, writing and math skills;

I. Respondent to conduct screenings for Occupational Therapy (OT), physical Therapy (PT) and Speech therapy (ST) and then more in-depth assessments if recommended by the screenings;

J. Respondent to return Petitioner to Hawthorne Academy upon completion of her current juvenile court placement unless student's grandmother (as student's guardian) agrees to another educational placement within Respondent's jurisdictional boundaries;

K. Respondent to reimburse Petitioner's next friend for expenses incurred for Petitioner's care and benefit; and

L. Respondent to pay attorney's fees and legal costs.

4.14  While in STEP, a psychological evaluation was completed by Jennifer Berg, M.A. and Caitlin Bowlin, Psy.D. on October 8, 2014. Petitioner was interviewed, and more information became documented, including more information of previous sexual abuse and hallucinations.

4.15  Respondent conducted an addendum to their April 2014 FIE on January 5, 2015. Using the results of the predisposition report and psychological evaluation completed by Probation, Respondent concluded that Petitioner qualified for special education services as a child with an emotional disturbance (ED), which was singularly ruled out in the April 2014 evaluation.

4.16  The due process hearing in this matter was held on February 12-13, 2015. Petitioner called Dr. Michael Roman as an expert witness (expert witness list attached as Exhibit C). Dr. Roman testified that even without the additional information provided by Probation, there was still ample evidence to diagnose Petitioner with ED in the April 2014 evaluation.

4.17   Petitioner briefed all issues in this case, including citations to the record, to the Hearing Officer on April 24, 2015.

4.18   On May 15, 2015, the Hearing Officer issued her decision in the case. The order contained therein denied all of Petitioner's claims and all relief not specifically stated within.

4.19   The decision of the Hearing Officer makes no reference to the testimony of Dr. Roman, nor does it mention the testimony of Michelle Ingoldsby, and is nothing more than a once-over of Respondent's evaluations and witness testimony.

## V.   POINTS OF APPEAL

5.1   The Hearing Officer failed to adequately consider testimony on record that was beneficial to Petitioner.

5.2   The Hearing Officer failed to indicate why evidence supportive of Petitioner's claims was rejected.

5.3   The Hearing Officer's decision is not in accordance with the standard established in 20 U.S.C. § 1415(f)(3)(E)(i).

## VI.   ARGUMENTS AND AUTHORITIES

6.1   Throughout the Hearing Officer's decision, all weight into the outcome is based on testimony and evidence offered by school officials and is based on their own evaluations and documentation. Nowhere does the Hearing Officer cite, or even refer to Petitioner's expert witness, Dr. Michael Roman. Aside from a doctoral degree in clinical psychology, Dr. Roman has completed a postdoctoral fellowship and has 30 years of experience, much of that as a Licensed Specialist in School Psychology(LSSP) (curriculum vitae attached as Exhibit C). It was

Dr. Roman that stated enough evidence existed to make the diagnosis of ED in the April evaluation and begin special education services.

6.2     The Hearing Officer also ignores the testimony of Michelle Ingoldsby, the probation officer who completed the predisposition report for Petitioner. Ms. Ingoldsby was able to determine through her work that Petitioner had been sexually abused as a child and suffered from hallucinations. This is a critical observation by Ms. Ingoldsby, as those two factors led to Petitioner eventually being granted special education services, but was still present during the April 2014 evaluation. Ms. Ingoldsby testified that Petitioner was very candid and open with her, a demeanor that would point to the lack of proper questioning during the April 2014 evaluation, as that LSSP was the only one who interviewed Petitioner in that timeframe that did not discover this information. The Hearing Officer offers no insight as to how a trained LSSP could miss or not acquire this information, as is the case with the April 2014 evaluation, but could be gathered during a routine criminal report.

6.3     The omission of the testimony of these two individuals, particularly of a highly trained and experienced expert in the field of school psychology, is not explained by the Hearing Officer in her decision.

6.4     The Hearing Officer did not offer any explanation as to why she apparently found the testimony of these two individuals not credible. The courts have addressed the balance of evidence in several cases. In *Lingenfelter v. Astrue*, 504 F. 3d 1028, 1041(9th Cir. 2007), the Court reversed and remanded an administrative law judge's (ALJ) decision based on the fact that the ALJ did not provide clear and convincing evidence for ruling a claimant's testimony as not credible.

6.5     Further, courts have vacated lower court decisions based on a lack of reference to the evidence at hand. *Cotter v. Harris*, 642 F.2d 700, 706-707 (3rd Cir. 1981), citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980). It is worth noting that some of the evidence in question in *Cotter* was expert witness testimony.

6.6     The Texas Supreme Court has also stated that "when a case involves scientific or technical issues requiring expert advice…jurors cannot disregard a party's reliance on experts hired for that very purpose without some evidence supplying a reasonable basis for doing so." *City of Keller v. Wilson*, 168 S.W. 3d 802, 829 (Tex. 2005). Again, in the instant case, the Hearing Officer disregarded the expert testimony of a highly qualified witness without reason or explanation in her decision.

6.7     The Courts have a "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Gober v. Matthews*, 574 F. 2d 772, 776 (3rd Cir. 1978). By omitting any mention or weight as to the testimony of Dr. Roman and Ms. Ingoldsby, the Hearing Officer has not provided this reviewing Court any indication that this "significant probative evidence was not credited or simply ignored." *Cotter v. Harris*, 624 F.2d 700, 705 (3rd Cir. 1981).

6.8     The Supreme Court has ruled that a District Court's rulings may not be overturned on appeal simply because the Court of Appeals would have ruled differently, provided that the record was viewed in its entirety. *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985). Since the Hearing Officer has failed to show in her decision that she did review the record in its entirety, Petitioner is requesting the District Court do so here.

6.9     According to 20 U.S.C. § 1415(f)(3)(E)(i), the Hearing Officer's decision must "be made on substantive grounds based on a determination of whether the child received a free

appropriate public education." Without establishing the reason for disregarding evidence favorable to Petitioner, the decision cannot be shown to have been made on substantive grounds.

6.10   In *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975), the Court stated that "an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision." Here, the Hearing Officer's decision is nothing more than an at-a-glance view of the Respondent's testimony and evaluations, falling far short of a comprehensive analysis of the facts presented at hearing.

6.11   Petitioner briefed the Hearing Officer on all of the facts of the case on April 24, 2015. Petitioner cited relevant information to the record. This information was clearly presented to the Hearing Officer in that brief. Respondent did not submit a posthearing brief in this matter.

## VII.   RELIEF SOUGHT

7.1   Petitioner seeks relief in the form of a judgment from this Court that Respondent was indeed on notice in April of 2014 that Petitioner was a child with a disability. Petitioner seeks a de novo review of the record that considers the testimony of Dr. Roman and Michelle Ingoldsby.

7.2   Petitioner seeks relief in the form of compensatory special education services, as the record does not show that a thorough clinical interview was completed in the April 2014 evaluation. These interviews in subsequent evaluations and reports were able, with no resistance from Petitioner, to reveal the information that determined the necessity of special education services in January 2015.

7.3     In her decision, the Hearing Officer has ignored relevant testimony from an established expert in school psychology, Dr. Roman, and a witness who was able to determine crucial information after only knowing Petitioner for a short period of time, Michelle Ingoldsby. None of the information that gave rise to the administration of special education services in this matter began after the April 2014 evaluation. The Hearing Officer's decision makes no effort to address why the occurrences of hallucinations and sexual abuse were not discovered in the April 2014 evaluation, nor why Respondent did not reach the same conclusions, as stated in Dr. Roman's testimony.

7.4     The Hearing Officer also failed to address testimony from both Dr. Roman and one of Petitioner's teachers in the Probation educational placement that Petitioner was functioning several grade levels below her current grade placement.

7.5     In accordance with 20 U.S.C. §1415 (i)(2)(C), "the Court, (iii) basing its decisions on a preponderance of the evidence, shall grant such relief as the Court determines is appropriate." Petitioner is therefore entitled to the relief sought herein.

## VIII.   ATTORNEY'S FEES

8.1     Petitioner further seeks reasonable attorney's fees in accordance with 20 U.S.C. 1415 (i)(3)(B)(i)(I), which states that attorney's fees may be awarded to a prevailing party who is the parent of a child with a disability, and any other statutory authority which may allow the awarding of such fees.

## IX.   PRAYER

Petitioner respectfully PRAYS this Honorable Court:

9.1     Enter judgment upon de novo review that the April 2014 evaluation failed to establish, as subsequent evaluations did with no extraordinary effort, that Petitioner exhibited

characteristics of ED and therefore was a child with a disability entitled to special education services.

      9.2     Order Respondent to provide compensatory services to Petitioner to remediate deficiencies in Petitioner's academic functioning level, allowing her to work at her current grade placement.

      9.3     Award reasonable attorney's fees to Petitioner as a prevailing party.

      9.4     Award any and all such other relief to which Petitioner may show herself justly entitled at law or in equity.

                                 Respectfully submitted,

                                     The Law Office of Karen Dalglish Seal
                                     202 East Park Avenue
                                     San Antonio, Texas 78212
                                     Tel.  210-226-8101
                                     Fax  210-226-8175


                                     /s/ K Seal
                                   Karen Dalglish Seal
                                   Attorney for Petitioner
                                   SBN 24009207